HESS & SKINNER ENGINEERING CO. ET AL. V. M. M. TURNEY ET AL.

No. 3306. Decided November 26, 1919.

(216 S. W., 621).

**1.—Surety—Contract.**

One who contracts as surety for another cannot be held bound, save in so far as the law binds a surety. The rights of uncompensated sureties and of those who enter into contracts of suretyship for profit are determined by the same rules. Lonergan v. San Antonio Trust Co., 101 Texas, 77. approved. (P. 153).

**2.—Surety—Change in Terms of Contract.**

The bond of a surety company guaranteed the payment by its principal, a contractor for bridge construction, of debts incurred for materials used in the work. This left the contractor free to make such terms for the purchase as it chose and to change those terms in good faith. Such action did not change the terms of the surety's guaranty. (Pp. 153, 154).

**3.—Same—Case Stated.**

The undertaking of a company becoming surety for a contracting company bound it to secure the payment by the latter for materials used in the construction work. The construction company contracted with a bridge company for steel to be used in the work, the bridge company being, by

the contract, entitled to cash payment of one-half the price at the point of shipment. Failure of the contracting company and the bridge company to carry out this provision for one-half payment for the materials in cash did not release the surety from its obligation securing payment for same to the bridge company. (Pp. 153, 154).

### 4.—Surety—Diversion of Collateral Securities by Party Guaranteed.

One who had furnished materials for construction work and held for security an assignment from the contractor of the proceeds from its performance, consented to the use, by the debtor, of a part of such indebtedness in payment of laborers, etc., aiding in the construction. A surety company which had guaranteed payment by the contractor of all debts for materials and labor was not entitled to complain nor to claim release because of this diversion of collateral security held by the party whose debt it had guaranteed, since this was used to discharge other debts which it was equally bound to meet by its contract of guaranty. (P. 154).

### 5.—Equitable Assignments—Priority.

Equitable assignments take priority of rank in the order of thier dates, without regard to notice to the debtor. Brander v. Young, 12 Texas, 335; Harris. County v. Campbell, 68 Texas, 27; Milmo Natl. Bank v. Convery, S Texas Civ. App., 181; Harris County v. Donaldson, 20 Texas Civ. App., 9; Hanke v. Keller, 50 Texas Civ. App., 533, approved and followed. (P. 155).

### 6.—Assignment—Consideration.

An assignment by a contractor of money coming to him for performance to a surety who has guaranteed and is answerable for such performance is supported by a valuable consideration. Campbell v. Grant Co., 36 Texas Civ. App., 641, followed. (P. 155).

### 7.—Assignment—Priority—Lien.

A bank advanced money to a contractor to pay wages of laborers in the construction and the contractor assigned to it sums to come from the performance as security for the payment of his notes therefor. He had previously assigned all proceeds of his contract to a surety company guaranteeing performance, including payment of his debts to laborers and materialmen. Held that the bank did not become subrogated to the claims of the laborers, nor was its debt protected by the bond; and being merely the holder of the junior of the equitable assignments, it was error to give its claim priority over that of the surety to the balance due the contractor, which the debtor had paid into court. (Pp. 154-156).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Bastrop County.

Though keeping on the docket the title given above, this case came to the Supreme Court on writ of error obtained by the Lion Bonding & Surety Co., on a judgment of the Court of Civil Appeals reforming and affirming the judgment of the trial court. The contest, both here and on appeal, being between plaintiff in error and the First Natl. Bk .of Smithville and the Vincennes Bridge Co., over the distribution of a balance owing by the County of Bastrop on the contract of the Hess & Skinner Engineering Co. to construct a bridge for the county, which balance the county had paid into

court to abide its disposition.   The suit was brought by the Lion Bonding Co., joining the Engineering Co. which was only nominally interested, to enjoin the payment of the balance due by the County to the Bank or to the Vincennes Bridge Co.   An action by Turney against the County, in which the Bonding Co. and others had intervened was consolidated with the injunction suit, and numerous interveners claiming liens against the property made themselves parties.   These other numerous issues were settled by the judgment of the trial and of the appellate court (207 S. W., 171) and not involved in the questions on which the writ was granted and which are considered in this opinion.   Under the same style as in this case, questions relating to the assignments of error on the appeal were certified to and answered by the Supreme Court in 109 Texas, 208.

*A. B. Wilson,* for plaintiff in error.—Where the principals entered into a contract for the performance of which a surety is liable to one of the principals, any material change or alteration of the terms of the contract by the principals, operates to discharge the surety from any liability.   American Bonding Co. v. United States to use of Francini, 233 Fed., 364; Wells v. National Surety Co., 222 Fed., 8; Fidelity & Deposit Co. v. Agnew, 152 Fed., 955; Justice v. Empire State Surety Co., 209 Fed., 105; Bullard v. Norton, 182 S. W., 668; Heldenfels v. School Trustees, 182 S. W., 386; Ryan v. Morton, 65 Texas, 258; House v. American Surety Co., 54 S. W., 303; Yeary v. Smith, 45 Texas, 56; Lane v. Scott, 57 Texas, 367; Mann v. Brown, 71 Texas, 241; Wylie v. Hightower, 74 Texas, 306; Benson v. Phipps, 81 Texas, 578; Durrell v. Farwell, 88 Texas, 98; Lonergan v. San Antonio Loan, etc. Co., 101 Texas, 63; Clark v. Cummings, 84 Texas, 610; Long v. Patton, 93 S. W., 519; Luling Oil and Mfg. Co. v. Gohmert, 110 S. W., 772.

Where a creditor releases the securities held by him for the payment of an obligation for which a surety is liable, the release of said securities operates to discharge and release the surety, at all events to the extent of the value of the securities released.   Murrell v. Scott, 51 Texas, 520; Galbraith v. Townsend, 20 S. W., 943; Kempner v. Patrick, 95 S. W., 51; Kiam v. Cummings, 36 S. W., 770; 32 Cyc., 216-218-219-220-221; Harrison Machine Works v. Templeton, 82 Texas, 443; Anderson v. Boyd, 64 Texas, 109; Whitehouse v. American Surety Co., 117 Iowa, 328; 90 N. W., 727; Fegley v. McDonald, 89 Pa., 128; Nelson v. Munch, 28 Minn., 314; 9 N. W., 863; Sterns on Suretyship (2nd Ed.), secs. 98-99; Pingrey on Suretyship and Guaranty (2nd Ed.), secs. 130-132; Spencer on Suretyship, secs. 147-245; First Nat'l Bank v. Powell, 149 S. W., 1096; Western B. & T. Co. v. Gibbs, 96 S. W., 947.

A bank which lends money to a contractor is not a furnisher of labor or material under Article 6394-F to 6394-J, inclusive, of Vernon's Sayles' Texas Civil Statutes, 1914, and has no right of action against the surety company executing the bond as surety on behalf of the contractor, in conformity with the statute requiring contractors doing public work to execute a bond for the payment of those furnishing him with labor and material in the prosecution of the work as provided for by the contract. Lion B. & S. Co. v. First State Bank, 194 S. W., 1012; Vernon's Sayles' Civ. Sts., arts. 6294-F to 6294-J, inc.; Hardaway & Powell v. National Surety Co., 150 Fed., 465; Hardaway & Powell v. National Surety Co. 211 U. S., 522; United States v. Hyatt, 92 Fed., 422; Puget Sound State Bank v. Gallucci, 144 Pac., 698; Cadanesso v. Antonelle, 56 Pac., 765; People's National Bank v. Corse (Tenn.), 182 S. W., 917; National Surety Co. v. United States, 228 Fed., 577; Morgan's La., etc., Ry. Co. v. Texas Cent. Ry. Co., 137 U. S., 171; United States Trust Co. v. Western Contract Co., 81 Fed., 454; Godeffory v. Caldwell, 2 Cal., 491; Malone v. Kaufman, 38 Texas, 454; International Building & Loan Assn. v. Fortassin, 23 S. W., 496; Williams v. Bradford, 21 Atl., 3331; First Natl. Bank of Muskogee v. Campbell, 58 S. W., 628; Steamboat James Battle v. Warring, 39 Atl., 180; United States v. American Bonding & Trust Co., 89 Fed., 925.

As between creditors holding assignments of amounts due a debtor, the first in point of time prevails. Harris County v. Campbell, 68 Texas, 28; Foley v. Ho. Mfg. Co., 106 S. W., 160; Henke & Pillot v. Keller, 110 S. W., 783; Harris County v. Donaldson, 48 S. W., 791; First National Bank v. O'Neil, 176 S. W., 74; Davis v. City National Bank, 156 S. W., 321; Johnson v. Amarillo Imp. Co., 88 Texas, 511; Beaumont Lbr. Co. v. Moore, 41 S. W., 180; West Lbr. Co. v. Tom Green Co., 188 S. W., 283; Youngberg v. El Paso Brick Co., 155 S. W., 715; Fielder Lbr. Co. v. Smith, 151 S. W., 605.

A surety upon a contractor's bond, having an assignment of a retained per cent. under a contract from the contractor, prior in point of time to an assignment by the contractor to another creditor, and being secondarily liable as surety for the contractor's obligations for labor and material, is entitled to have appropriated the retained per cent. to the payment of labor and material bills to the exclusion of the claim of the other creditor holding a subsequent assignment from the contractors. See authorities under preceding propositions, and the following: Columbus Digger Co. v. Sparks, 227 Fed. 780.

*Page & Jones, Duncan & Burleson, Maynard & Maynard, S. L. Staples, N. A. Rector,* and *H. W. Fielder,* for defendants in error.— The orders given in favor of the bank and the acceptance of same

by the county judge, for the sums of money therein mentioned, which the contractor had already earned, constituted in law an equitable first assignment of said funds, the prior alleged assignment in favor of appellant not having been brought to the attention of the court until months thereafter, and the bank having no knowledge of it. First Natl. v. O'Neil Eng. Co., 176 S. W., 74; Davis & Goggin v. State Natl. Bank, 156 S. W., 321; Fielder Lumber Co. v. Smith, 151 S. W., 606; Tolkow v. Metro. L. Ins. Co., 133 N. Y. Supp., 367.

If it be conceded that appellant had a prior assignment of the percentage to be retained by the county, yet it lost its priority by its laches and negligence in not notifying the county Commissioners Court of such assignment, and by such negligence suffering said county authorities to pledge said percentage to appellee bank for cash money paid in good faith by it on the faith of the representation by said court that said fund was unencumbered. Ross v. Smith, 19 Texas, 175; Milmo Nat. Bank v. Convery, 27 S. W., 829; G., C. & S. F. Ry. Co. v. Eldredge, 80 S. W., 556.

Where the measure of the surety's liability is fixed, any change as to an individual surety will relieve from liability, but the rule is otherwise as to a commercial surety, who must show injury by the change to be relieved. People v. Bowen, 153 N. W., 672; United States Fid. Co. v. United States, 191 U. S., 416.

Unless the bondsmen or sureties upon a contractor's bond have been caused a loss or injury by the contractor in his dealings with the owners of the property that he is building, or with the material-men furnishing material or laborers furnishing the labor, the sureties are not relieved by any such changes. People v. Bowen, 153 N. W., 672; United States Fidelity Co. v. United States, 191 U. S. 416; Breneman v. Lumber Co., 34 S. W., 198; Rule v. Anderson, 142 S. W., 358; First Natl. Bk. of Paris v. Lyon-Gray Lumb. Co., 194 S. W., 1146.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The writ of error was granted to the Lion Bonding & Surety Company, who executed as surety a bond, dated May 1, 1914, wherein the Hess & Skinner Engineering Company was principal, to the County Judge and County Commissioners of Bastrop County, in the sum of $45,000, conditioned to be void if the Hess & Skinner Engineering Company should faithfully perform a certain contract between it and the County Judge and County Commissioners of Bastrop County, for the construction of a bridge, and should promptly make payments to all persons supplying said Company with labor and material in the prosecution of the work as provided for in the contract, and as provided by articles 6394F, to 6394J, Vernon's Sayles' Texas Civil Statutes.

The Surety Company complains of a judgment against it in favor of the Vincennes Bridge Company for a balance of $6407.09. It is not denied that the Bridge Company supplied the Hess & Skinner Engineering Company material,· viz: steel, in the prosecution of the work covered by the contract, nor that the balance justly due therefore is $6407.09. It is contended that the Surety Company was discharged from its obligation to pay for this material to the Bridge Company on two grounds: (1), that the Bridge Company shipped the steel without requiring. one-half its cost to be paid in cash at point of shipment, when the contract between the Bridge Company and the Engineering Company entitled it to such cash payment; and; (2), that the Bridge Company, when it held an assignment of the contract from the Engineering Company, to secure the purchase price of the steel, consented for $6499.80 to be applied to claims of laborers and local merchants, and that this had the effect to reduce the surety's obligation to the Bridge Company in that amount.

We do not agree with the intimation in the opinion of the Court of Civil Appeals that the rules which determine the rights of uncompensated sureties have no application in determining the rights of corporation sureties, who enter into contracts of suretyship for profit. One who contracts as surety for another cannot be held bound save in so far as the law binds a surety. The views of this Court on that subject are too clearly and emphatically stated in Lonergan v. San Antonio Trust Co., 101 Texas, 77, 22 L. R. A. (N. S.), 664, 130 Am. St., 803, 104 S. W., 1061, 106 S. W., 876, to require further statement.

The Surety Company invokes the elementary rules that material change in the terms of a contract, on which one is secondarily liable as surety, such as extension of time for performance, without the surety's consent, will discharge the surety from his obligation under the contract, and that the act of a creditor in releasing collateral securities so as to deprive a surety of the right to have same applied in satisfaction of the debt of the principal, guaranteed by the surety, will release the surety to the extent of the value of the securities.

There never was any change in the contract guaranteed by this Surety Company. Such contract was silent as to the terms on which the material for the construction of the bridge was to be purchased. The bond in effect authorized the contractor to make his own terms, and we see no good reason why it should be held that this did not include authority, while acting in good faith, to change such terms.

As. said by the Supreme Court of the United States in United States Fid. & Guaranty Co. v. Golden Pressed & Fire Brick Co., 191 U. S., 425, 48 L. Ed., 242, 24 Sup. Ct., 144: "The guarantor

is ignorant of the parties with whom his principal may contract, the amount, the nature, and the value of the materials required, as well as the time when payment for them will become due. These particulars it would probably be impossible even for the principal to furnish, and it is to be assumed that the surety contracts with knowledge of this fact. Not knowing when or by whom these materials will be supplied, or when the bills for them will mature, it can make no difference to him whether they were originally purchased on a credit of sixty days, or whether, after the materials are furnished, the time for payment is extended sixty days, and a note given for the amount maturing at that time.''

The Surety Company was liable, on the bond, for the payment of the debts to the local merchants and laborers, being essentially claims for labor in the prosecution of the work of performing the Engineering Company's contract. Hence, it sustained no injury by the Bridge Company's consent to the application of $6499.80 to satisfy such claims.

On April 30, 1914, the Hess & Skinner Engineering Company, ''in consideration of the execution of said bond'' agreed in writing to reimburse the Lion Bonding & Surety Company all amounts of money which it might pay or become liable to pay, on account of the bond's execution, and agreed that all payments specified in the bridge contract, withheld by Bastrop County until completion of the work, should be paid to the Surety Company, and that such agreement should operate as an assignment of the payments, it being stipulated that any residue, after full reimbursement of the Surety Company, should be paid by it to the Engineering Company.

On February 20, 1915, the Engineering Company gave to defendant in error, First National Bank of Smithville, its note for $500, and, on February 26, 1915, it gave to said Bank its note for $1000, for borrowed money, and to secure the payment of the notes, the Engineering Company gave the Bank an order on Bastrop County, to be paid out of the money to become due the Engineering Company on the bridge contract, and the County, acting by the County Judge, accepted the order. The Engineering Company represented to the Bank that the borrowed money was needed to pay wages of laborers, employed in the prosecution of the work of constructing the bridge, and the money was so applied. The laborers were not parties to the loans, and no assignment was taken by the Bank of their claims.

The outstanding claims for material and labor, protected by the bond other than the debt of the Bank, exceeded the amount due the Engineering Company, which was withheld by the County.

On these facts the trial court gave the Bank judgment against the Surety Company, for the amount of the two notes of the Engineering Company, and also adjudged that the Bank be first paid

out of the sum of $6854.33, which had been paid into the registry of the court by Bastrop County, said sum having been withheld until completion of the work, in accordance with the terms of the bridge contract.

The Court of Civil Appeals reformed the trial court's judgment so as to deny the Bank a personal judgment against the Surety Company but affirmed the direction that the fund in the registry of the court be first applied to the payment of the Bank's debt.

By proper assignment, the Surety Company challenges the correctness of the judgment ordering payment of the notes to the bank out of the fund on deposit in court.

The opinion of the Court of Civil Appeals holds that though the Bank held a mere equitable assignment of sufficient of the money due the Engineering Company by the County to satisfy its notes, and though the assignment to the Surety Company was prior in time, and though the Bank was subrogated to no right of the laborers, nevertheless the Bank held an equitable claim on the money in the registry of the court superior to any right thereto of the Surety Company, for two reasons: first, that there was no consideration for the assignment to the Surety Company and the money obtained from the Bank was actually used to pay claims for labor on the bridge; and, second, that the assignee of a chose in action who first gives notice to the debtor is entitled to precedence, in determining priority between assignees.

In our opinion the rule is sound, which gives priority in rank to equitable assignments in the order of their dates, without regard to notice to the debtor.  Brander v. Young, 12 Texas, 335;  Harris Co. v. Campbell, 68 Texas, 27, 2 Am. St., 467, 3 S. W., 243;  Milmo Natl. Bank v. Convery, 8 Texas Civ. App., 181, 27 S. W., 829; Harris Co. v. Donaldson, 20 Texas Civ. App., 9, 48 S. W., 791; Henke v. Keller, 50 Texas Civ. App., 533, 110 S. W., 784.

The debtor is fully protected because he is not affected by the assignment until notified, and the subsequent assignee, in dealing with a chose in action, is chargeable with knowledge that he can get no better right than that of his assignor.

It increases uncertainty in the law's administration to substitute the date of notice to the debtor as the test of priority for the date of assignment; and we can see how grave harm would follow for us to now depart from our thoroughly established simple test of priority in right from priority in time of the assignment.

The assignment to the Surety Company was supported by a valuable consideration.  Campbell v. Grant Co. 82 S. W., 794.

The case of Harris County v. Donaldson, 20 Texas Civ. App., 9, 48 S. W., 791, involved a controversy between assignees of a fund held by Harris County to pay the contract price of certain furniture.  The debt of the senior assignee had no relation to the con-

tract, while that of the junior assignee was for work in installing the furniture under the contract. The senior assignment was given precedence, because the junior claimant "had no lien upon this fund, and his rights in it arose from his assignment alone, and the assignments take rank in the order in which they were given." 48 S. W., 794. The same principle is equally conclusive here against the Bank's claim of a superior equity because of the nature of the debt.

We agree with the conclusion of the Court of Civil Appeals that the Bank did not become subrogated to the rights of the laborers, and there can be no doubt that its debt is not protected by the bond. Gaylord v. Loughridge, 50 Texas, 577; Lion Bonding & Surety Co. v. Bank, 194 S. W., 1012; People's Natl. Bank v. Corse, 182 S. W., 917; United States v. Rundle, 107 Fed., 227, 52 L. R. A., 505, 4 C. C. A., 252.

The Bank and the Surety Company each hold merely an equitable assignment of the fund in the registry of the court, and the Surety Company's, as the elder, must prevail.

The remaining assignments complain of rulings, in which we find no error.

It is therefore ordered that the judgment of the Court of Civil Appeals be so reformed as to deny the Bank any recovery herein, and that said judgment, as so reformed, be affirmed.

*Reformed and affirmed.*