**McCLUNG CONST. CO. et al. v. TAYLOR et al. (No. 11757.)*

Court of Civil Appeals of Texas. Fort Worth. April 2, 1927.

Rehearing Denied May 14, 1927.

1. Courts ⟸472(2)—Courts of Civil Appeals of the Second and Eleventh Supreme Judicial Districts have concurrent jurisdiction of appeals from Palo Pinto county.

The Courts of Civil Appeals of Second and Eleventh Supreme Judicial Districts have, by statute, concurrent jurisdiction of appeals from Palo Pinto county.

2. Estoppel ⟸71—Construction company could not complain of decree awarding to intervener money tendered into court, after disclaimer.

Construction company could not complain of a decree awarding to intervener, on claim for money advanced to subcontractor, money tendered into court and no further relief, after expressly disclaiming any right therein and agreeing to pay all lawful claims for labor performed and material furnished in construction, though Acts 39th Leg. (1925) c. 17, providing for a lien was not then in force.

3. Appeal and error ⟸882(19)—Award to one, claiming to have advanced money to subcontractor, of lien on money due from contractor, would not be disturbed, if erroneous, where appellants were prevented from objecting by disclaimer.

Award to one, claiming to have advanced money to a subcontractor for labor and materials, of a lien on money due from employer, would not·be disturbed, even if erroneous, where construction and surety companies, appellants, were not entitled to object, by reason of disclaimer.

4. Bridges ⟸20(2)—Assignee of subcontractor held not entitled to recover for items not properly classified as labor and materials used in construction.

Assignee of subcontractor *held* not entitled to recover against construction company and surety for items not properly classified as labor performed and materials furnished in construction of bridges.

5. Appeal and error ⟸295—Appellants did not waive right to assign error to allowance for certain items, by failure to file motion for new trial.

Bridge construction company and surety on bond did not waive right to assign error to action of trial court in allowing recovery for certain items not properly classifiable as·labor and materials for construction, by failure to file a motion for new trial and to urge ruling as ground therefor.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Suit by F. A. Taylor against the McClung Construction Company, the Fidelity & Deposit Company of Maryland, and another, in

which the Banking House of Cunningham Bros., a partnership firm, and George L. Booker, intervened. Judgment for the plaintiff and the intervener Booker against the Construction Company, as principal, and the Fidelity & Deposit Company, as surety, and awarding to the intervener Banking House of Cunningham Bros. certain money tendered into court. The Construction Company and the Surety Company appeal. Judgment reformed, and, as reformed, affirmed.

Bouldin & Ziveley, of Mineral Wells, for appellants.

Ritchie & Ranspot and Penix, Miller & Perkins, all of Mineral Wells, and Troy Deason, of Glen Rose, for appellees.

DUNKLIN, J. The McClung Construction Company entered into a contract in writing with Palo Pinto county, acting through its commissioners' court, to perform certain improvement work on one of the public roads of the county. The contract required the construction company to pay for the work, and also to furnish the materials necessary for the improvement. At the same time the construction company executed to the county a bond with Fidelity & Deposit Company of Maryland as surety, which contained the following obligation:

"The condition of this obligation is such that if the said bounden principal shall in all things well and truly perform all the terms and conditions of the foregoing contract to be by them performed and within the time therein mentioned, and shall pay all lawful claims for labor performed and material furnished in and about the construction of said road, and shall have paid and discharged all liabilities for injuries which have been incurred in and about the said construction under the operation of the statutes of the state, then this obligation is to be void; otherwise, to be and remain in full force and virtue."

This suit was instituted by F. A. Taylor against the McClung Construction Company, the Fidelity & Deposit Company of Maryland, as surety on the bond, and also against Palo Pinto county, to recover the amount claimed to be due Taylor for labor and material furnished by him in the construction of certain bridges that were built by the construction company. In the same suit plaintiff also sought to recover for certain work and material furnished by Couger Logsdan and Roy Logsdan for the construction of the same bridges upon allegation that the parties had assigned their claims to the plaintiff. Plaintiff also sought to recover for certain material furnished by W. C. Brewer, alleged to have been furnished to and used by the construction company in connection with the same improvements, which claim was likewise alleged to have been assigned to the plaintiff.

The Banking House of Cunningham Bros., a partnership firm, through the individual members thereof, filed its plea of intervention, in which it sought a judgment against the same defendants for an amount alleged to be due the firm for money advanced to W. G. Douglas, a subcontractor, in order to enable him to construct some of the bridges, the construction of which was undertaken by the original contractor and covered by the contract with the county. The interveners' suit was further based upon an assignment to them by Douglas of a balance due him by the construction company.

George L. Booker also intervened, and sought a recovery against the same defendants for an amount claimed to be due for labor performed by the intervener as an employee of the construction company and its subcontractors and representatives in the performance of the work undertaken by the construction company. Prior to the institution of the suit, Palo Pinto county had paid to the McClung Construction Company the full amount due it under the contract, save and except the sum of $568.06. By reason of the claims so asserted against the construction company, the county withheld payment of that amount and tendered it into court to be awarded to whomsoever the court might find entitled thereto. No contention was made by any of the parties that that sum was not the full amount due the construction company by the county. The construction company added to that tender $1.09, which it likewise deposited in court to be disposed of along with the amount tendered by the county and under the same conditions. In connection with that tender by the construction company, that defendant expressly disclaimed any right or title to the total amount so tendered in court, which aggregated $569.15.

The intervener Banking House of Cunningham Bros. claimed a lien upon the money so tendered into court for the debt claimed in that intervention, which lien it sought to have foreclosed and for a decree directing the application of so much of the amount so tendered as might be necessary to satisfy the debt asserted in that intervention.

A judgment was rendered in favor of the plaintiff and intervener George L. Booker against the McClung Construction Company, as principal, and the Fidelity & Deposit Company of Maryland, as surety, for the respective balances found to be due those parties, and awarding to the intervener Banking House of Cunningham Bros. title to $568.06, tendered by the county into the court. From that judgment, the McClung Construction Company and the Fidelity & Deposit Company of Maryland have prosecuted this appeal.

[1] Palo Pinto county, from which this appeal was prosecuted, was, by statutes, placed in this, the Second Supreme Judicial District, and also in the Eleventh Supreme Judicial District. Notice of this appeal was given to this court. We have been cited to

no constitutional provision which would deprive the Legislature of the power to confer concurrent jurisdiction upon those two appellate courts of appeals from Palo Pinto county. To so hold would be to deny the right of appeal altogether from judgments rendered in that county. Concurrent jurisdiction in different trial courts is given by several statutes, and we perceive no reason why the same rule would not apply to appellate courts. Accordingly, the contention of appellees that this court is without jurisdiction of this appeal is overruled.

The following agreement was made between the parties on the trial of the case:

"It is agreed between all parties plaintiff, defendant, and interveners, that the account for labor and material, other than the account of W. C. Brewer, is true and correct and the amount as stated therein are unpaid as evidenced by O. K.'d bills of Douglas, and that is the only claim either of the laborers mentioned in plaintiff's petition have against the said W. C. Douglas."

The amount awarded to the intervener Banking House of Cunningham Bros. was for money advanced to Douglas, who was a subcontractor under the McClung Construction Company, for the payment of labor and material used in the construction of the bridges in question, and the evidence further showed an assignment to those interveners by Douglas of the balance due him from the McClung Construction Company for such work, which the proof showed amounted to $569.15, the aggregate amount of the tenders into court.

[2, 3] We know of no statute or law which gave to the intervener Banking House of Cunningham Bros. a lien on or title to the money tendered into court; but appellants are in no position to complain of the award of that money to those interveners, in view of the fact that they filed a plea expressly disclaiming any right or interest therein, and in view of the further fact that they had contracted to "pay all lawful claims for labor performed and material furnished in and about the construction of said road," and the further fact that a judgment for the funds tendered was the only recovery awarded to those interveners. In this connection it is to be noted that chapter 17, p. 44, of the Acts of the Thirty-Ninth Legislature, giving to those who furnish to a contractor labor or material for public improvements a lien therefor upon the money due the contractor for such improvements, did not become effective until long after the transactions involved in this suit occurred, and therefore could not be invoked by the plaintiffs or any of the interveners in any event. It follows, therefore, from what is said above, that whether or not the Banking House of Cunningham Bros. were subrogated to any possible lien in favor of Douglas on the funds tendered is a moot question which will not be discussed. And since none of the appellees excepted to the award in the trial court or have filed any cross-assignment of error thereto in this court or in the trial court, the validity of that award will not be disturbed.

[4] And in view of the same contractual obligation on the part of the defendants and the agreement of the parties as to the facts, the judgment in favor of intervener George L. Booker and in favor of the plaintiff must likewise be affirmed, save and except a portion of that part of plaintiff's claim based upon an assignment from W. C. Brewer. The claim of W. C. Brewer, which was assigned to plaintiff, is evidenced by an itemized account, which includes articles that could not be classed as "claims for labor performed and material furnished" in the construction of the bridges, and for those items plaintiff was not entitled to recover. Those items, with the respective prices charged therefor, were as follows:

| | |
|---|---:|
| 1 23 heavy distan hand saw | $ 3 75 |
| 1 oxoid square | 4 50 |
| 1 steel square | 3 50 |
| 13 ft. rule | 75 |
| 2 plum bales | 80 |
| 2 sledge hdls., .70; 6 shovel hdls., 3.50 | 4 20 |
| 2 sharp shooter spades at 2.00 | 4 00 |
| 2 plum bales | 5 50 |
| 2 L. H. shovels | 2 50 |
| 1 set plates, 1.25; 1 set cup and saucers, 1.00 | 2 25 |
| 12 oat meal bowls, .80; 6 soup bowls, .60 | 1.40 |
| 1 set knives and forks, 1.65; set table spoons, 1.50 | 3 15 |
| 1 set tea spoons, .25; 1 syrup pitcher .35 | 60 |
| 1 coffee pot | 65 |
| 6 pkd. hdls | 2 50 |
| 2 claw hammers | 3 00 |
| 1 3-ft. rule, .75; steel trot line, 4.50 | 5 25 |
| 4 wagon bed cleats | 68 |
| Hand saw, 2.75; square, 2.00; level, 1.60 | 6 35 |
| 1 hand saw, 3.75; brace, 3.25 | 7 00 |
| 1 18 hand bitt, 1.25; 2 brace bitts, 1.00 | 2 25 |
| 1 pr. pliers, 2.25 | 2 25 |
| Sledge hdl. | 80 |
| Key hole saw, .75; 2 extra blades, 1.00 | 1 75 |
| 1 tub | 2 90 |
| S. H. double blade | 1 90 |
| 2 shovels | 2 50 |
| 2 claw hammers | 1 45 |
| Wrecking bar | 65 |
| 1 hammer, .85; 1 square, 2.25 | 3 10 |
| Wrenches | 5 20 |
| Total | $87 08 |

See Hess & Skinner v. Turney (Tex. Civ. App.) 207 S. W. 171; Id., 110 Tex. 148, 216 S. W. 621; U. S. Fidelity & Guaranty Co. v. Henderson Co. (Tex. Com. App.) 276 S. W. 203.

[5] And appellants did not waive their right to assign error to the action of the court in allowing a recovery for the items noted above, by failure to file a motion for a new trial and urging such ruling as one of the grounds therefor. Craver v. Greer, 107 Tex. 356, 179 S. W. 862; Bland v. Cruce (Tex. Civ. App.) 238 S. W. 721; Hess & Skinner v. Turney, 110 Tex. 148, 216 S. W. 621; Temple Hill Development Co. v. Lindholm (Tex. Com. App.) 231 S. W. 321.

Accordingly, the judgment of the trial court in favor of the plaintiff is so reformed as to limit his recovery to the original prin-

cipal sum of $506.18, the same being $593.27, amount of principal allowed by the trial court, minus $87.08, with interest thereon from January 1, 1925, to May 12, 1926, the date of the trial, at the rate of 6 per cent. per annum; said judgment to bear interest at the rate of 6 per cent. per annum from May 12, 1926.

As so reformed, the judgment will be in all things affirmed; but all costs of appeal will be taxed against appellee F. A. Taylor.