**EMPLOYERS' CASUALTY CO. v. WOLFE CITY et al.**

**No. 5165.**

Supreme Court of Texas.

Jan. 21, 1931.

Lawther & Pope, of Dallas, for plaintiff in error.

Bowman & Bowman and Clark, Harrell & Starnes, all of Greenville, and Jones & Jones, of Mineola, for defendants in error.

SHORT, C.

The municipality of Wolfe City brought this suit against T. A. Bradshaw, with whom it had a contract to build a public work, and his surety, Employers' Casualty Company, in which First State Bank of Wolfe City and also another, in the capacity of a material-man, intervened, in the district court of Hunt county. Upon a trial before a jury, judgment was rendered against Bradshaw and the Employers' Casualty Company, which judgment was, by the Court of Civil Appeals at Dallas, affirmed, where the nature and result of the case are more fully stated. Bradshaw v. Wolfe City, 3 S.W.(2d) 527.

Both Bradshaw and the Employers' Casualty Company were granted writs of error by the Supreme Court, and, the case having been referred to section A of the Commission of Appeals, an opinion was rendered by Judge Critz of that Section, in which it was recommended that the judgment of the Court of Civil Appeals and of the district court, awarding First State Bank of Wolfe City a recovery against the Employers' Casualty Company for $3,800, interest, and cost, be reversed, and that judgment be rendered for the Employers' Casualty Company, denying the bank any recovery against it, that the judgment of both courts, in favor of A. A. Humphrey, another intervener, for $95.55 be affirmed, and that in all other respects the judgment be reversed and the case remanded for a new trial; the costs of appeal being equally divided between the city and the bank, which recommendation was, by the Supreme Court, adopted, and in which the Supreme Court also approved the holding of the Commission of Appeals on the question discussed. 25 S.W. (2d) 320.

However, upon motion for rehearing, on account of the fact that the Supreme Court had granted a writ of error in the case of Employers' Casualty Co. v. County of Rockwall, involving one of the principal legal questions involved in this case, the judgment of the Commission of Appeals was set aside, and a rehearing granted, and the case has been reargued before the Supreme Court. In the meantime, the case of Employers' Casualty Co. v. County of Rockwall having been referred to Section B of the Commission of Appeals, it was there submitted, and an opinion has been written by Judge Leddy of that Commission, which has been adopted by the Supreme Court, 35 S.W.(2d) 690, discussing fully one of the questions involved in this case, and we refer to the opinion of that case for a full discussion of the law on that subject, to the effect that, where a bank loans money to a public contractor which is used by him in accordance with his agreement with the bank to pay laborers on a public work contract, it cannot recover against the surety on said bond, on the theory that it is subrogated

to the rights of the laborers. Hess & Skinner Engineering Co. v. Turney, 110 Tex. 148, 216 S. W. 621.

The opinion of Judge Critz, we find, upon a re-examination of the case, to be in all respects correct and clearly decisive of all the material matters presented by the record. This opinion is readopted in connection with the opinion rendered in Employers' Casualty Co. v. County of Rockwall, 35 S.W.(2d) 690. In the case last mentioned it is said:

"Rockwall county entered into a construction contract with Kirk & Patterson, a copartnership, for the building of a stretch of concrete road for the performance of which contract Kirk & Patterson executed a bond in the sum of $35,000 with the Employers' Casualty Company as surety. The contractors defaulted in the performance of their contract, and the work was taken over by the surety company. At the time of the execution of the bond, and upon the taking over of the work by the surety company as well, the contractors made an assignment to the surety company of all of the deferred payments and retained percentages and any and all moneys and properties due and payable to them at the time of any breach or default in the contract or cessation of work thereunder 'or that may thereafter at any time become due and payable' to them on account of said contract.

"The surety company completed the contract to the satisfaction of the county, at which time there remained in the hands of Rockwall county, as part of the retained percentages due on the contract, $3,861.85, to recover which sum the surety company instituted its suit. The Farmers' National Bank of Rockwall claimed the entire fund under an assignment from Kirk & Patterson, made subsequent to the assignment to the surety company, and Paul Snow, the McDonald Hardware Company, and J. H. Smith, each claiming as a materialman, by suit or intervention sought a recovery accordingly. The suits were consolidated and tried to a jury; an instructed verdict was returned in favor of Farmers' National Bank of Rockwall for the balance due on the contract in the hands of the county, less $500 attorneys' fees allowed to the county, in favor of the Snow Motor Company against the contractors and the surety company for the sum of $914.-47, in favor of Rockwall county for $500 attorneys' fees, in favor of McDonald Hardware Company against the contractors in the sum of $1,134.09, and against the surety company for the sum of $25, and in favor of the surety company against the contractors in the sum of $6,175.20. On appeal, the Court of Civil Appeals affirmed the judgment in favor of the bank and Snow, but reversed the same as to the hardware company and Smith and as to the county's recovery of attorneys' fees, and remanded the cause. 300 S. W. 148.

"The bond executed by the surety company acknowledges liability "to all persons who may perform labor or furnish materials on such contract and agreement, or in any manner incident to the performance thereof,' and to 'pay all subcontractors, workmen, laborers, mechanics and furnishers of material in full for all work done, labor performed and material furnished in the performance of said contract and agreement or in any manner incident to the performance thereof.'

"The Farmers' National Bank insists it was entitled to a judgment against the surety company upon the theory that it stood in the position of a laborer and furnisher of material within the terms of the bond, because it loaned the contractors money on their note with the agreement and understanding that the proceeds of such loan would be used by the contractors to discharge bills for labor and material incurred in the performance of the contract. There is no pretense that at the time the bank made the loan to the contractors there was any assignment, or agreement for assignment, to the bank by laborers and materialmen whose bills were to be paid out of said funds; the only assignment claimed by the bank being the one executed by the contractors."

Section B of the Commission of Appeals in that case, after discussing at length the identical question of the rights of the bank to be subrogated to the rights of the laborers, under almost the same situation presented by the facts in this case, holds that no such subrogation exists, citing in addition to Hess & Skinner Engineering Co. v. Turney, supra; O'Neil Engineering Co. v. First National Bank (Tex. Com. App.) 222 S. W. 1091; Southern Surety Co. v. Klein (Tex. Civ. App.) 278 S. W. 527; Prairie State National Bank v. U. S., 164 U. S. 227, 17 S. Ct. 142, 41 L. Ed. 412; Columbia Digger Co. v. Rector (D. C.) 215 F. 618, 621; Maryland Casualty Co. v. Wash. National Bank et al., 92 Wash. 497, 159 P. 689.

In view of the full discussion of this question, in the Employers' Casualty Co. v. County of Rockwall, and in view of the fact that it is the only serious question presented by the record, not fully discussed in the opinion of Judge Critz, we deem further discussion unnecessary.

Judgments of the district court and the Court of Civil Appeals for A. A. Humphrey are affirmed. Judgments of the district court and the Court of Civil Appeals for the First State Bank of Wolfe City, Tex., against Employers' Casualty Company for $3,800, interest and cost are reversed, and judgment rendered denying the bank a recovery from the casualty company. In all other respects the cause is remanded for new trial, and costs of appeal are taxed against the city and the bank; each being adjudged to pay one-half.

CURETON, C. J.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.