B. F. BROOKS CONST. CO. et al. v. FIRST
STATE BANK OF MARQUEZ.
No. 1004.

Court of Civil Appeals of Texas. Waco.
March 12, 1931.

Rehearing Denied in Part, Granted in Part,
April 30, 1931.

Seale & Seale, of Centerville, and O. B.
Freemen and Albert B. Hall, both of Dallas,
for appellants.

J. E. & B. L. Bradley, of Groesbeck, and
W. D. Lacey, of Centerville, for appellee.

ALEXANDER, J.

This was a suit by the First State Bank of
Marquez against B. F. Brooks Construction
Company, Southern Surety Company, H. G.
Lanier, and others, in the district court of
Leon county. In December, 1928, said Brooks
Construction Company entered into a con-
tract with the state highway department for
the construction of a part of State Highway
No. 32 known as Job 145–B in Leon County.
In order to secure the performance of the
contract, the Brooks Construction Company
executed to the state of Texas the statutory
bond with Southern Surety Company as sure-
ty. Brooks Construction Company subcon-
tracted a part of the work to H. G. Lanier.
During the course of the work, it became nec-
essary for the subcontractor to secure finances
with which to complete the work. He applied
to R. P. Carrington as cashier and agent of
the First State Bank of Marquez for such
funds. . The bank advanced to Lanier the sum
of $2,122.65 with which to complete the con-
tract. In November, 1929, the bank presented
its account to the state highway commission
and requested that department to withhold
the amount unpaid to Brooks Construction
Company on this contract as provided in Re-
vised Statutes, art. 5472a (Acts 1925, 39th
Legislature, ch. 17, page 44, § 1 [Vernon's Ann.
Civ. St. art. 5472a]). Brooks Construction
Company, in compliance with the provisions
of Revised Statutes, art. 5472b (Acts 1929,

41st Leg. [1929], 2nd Called Sess., p. 154, c. 78 [Vernon's Ann. Civ. St. art. 5472b]), executed and delivered to the state highway department a release bond with Southern Surety Company as surety, and the funds then due Brooks Construction Company amounting to $2,122.65 were released. This suit was by the bank against Lanier for its debt and against Brooks Construction Company and Southern Surety Company on the release bond. There was no attempt to recover on the original bond given by the contractor under Revised Statutes, art. 5160 as amended by Acts 1927, 1st Called Sess., c. 39, § 1 (Vernon's Ann. Civ. St. art. 5160), for the construction of the road. A trial was had before the court without a jury which resulted in a judgment for the bank against Lanier, Brooks Construction Company and Southern Surety Company. The Brooks Construction Company and Southern Surety Company have appealed.

It is the contention of the appellants that the appellee cannot recover herein, because: (a) The bank did not furnish labor nor material for the construction of the road, but only furnished the money with which to pay for such labor and material; (b) if the bank did furnish such labor and material, the same was furnished to the subcontractor and not to the original contractor, and that the statute does not inure to the benefit of those furnishing labor or material to a subcontractor; and (c) there was no evidence that at the time the notice was given to the highway department there was anything due Brooks Construction Company under said contract. Article 5472a provides as follows: "That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim." Acts 1925, 39th Leg., ch. 17, p. 44, § 1.

■ We held in the case of Texas Company v. Paul Schriewer, 38 S.W.(2d) 141 (this day decided), that one furnishing labor or material to a subcontractor and not to the original contractor is entitled to fix a lien on such funds by the giving of the required notice. The holding therein made is herein adhered to. Huddleston & Work v. Kennedy, — S.W. (2d) —— (decided at Eastland February 20, 1931).[1]

■ The bank claims that it is entitled to a lien on the funds because it furnished the subcontractor the money with which the laborers and materialmen were paid. It appears that the subcontractor became financially embarrassed and that it was necessary for him to arrange with the bank for the necessary funds to pay the laborers and materialmen. It was then agreed between the subcontractor and the bank that the bank would furnish the necessary funds with which to pay the checks issued by the subcontractor for labor and material and that the subcontractor would execute notes to the bank from time to time to cover the overdrafts created by the drawing of such checks. It was agreed that such checks should be issued only for the purpose of paying for such labor and material and that the bank should be subrogated to and have a lien on the funds. The subcontractor issued checks upon the bank and delivered them to the laborers and materialmen in full payment and satisfaction of their claims. Some of these checks were cashed directly at the bank, and some of them were cashed by local merchants and afterwards paid by the bank. In this way the bank claims to have furnished the labor and material for the completion of the contract. It was held by the Supreme Court, in Employers' Casualty Company v. County of Rockwall, 35 S.W.(2d) 690, (of date January 21), that a bank lending money to a contractor for the payment of labor and material used in the construction of public improvements does not become subrogated to a lien on the funds for such work. See also Employers' Casualty Company v. Wolfe City, 35 S.W.(2d) 694 (decided by the Supreme Court January 21); Northwestern Casualty Co. v. First National Bank, 36 S.W. (2d) 535 (decided by this court February 19, 1931); Huddleston & Work v. Earl Kennedy, 38 S.W.(2d) —— (decided by the Court of Civil Appeals at Eastland February 20, 1931).[1]

■ However, the bank claims a lien by virtue of the agreement of the parties. Since the lien does not exist in favor of the bank by virtue of any compliance with the statute, if it exist at all, it must arise by virtue of the agreement of the parties. Subrogation may arise by agreement of the parties, but in such case the agreement must be either with the party holding the lien, as where there is an assignment of the lien to the one advancing the money, or with the one having the right to create such a lien, as where a third party discharges the lien at the request of the debtor. In this case the laborers and materialmen who held claims, and had a right to fix liens on the funds, did not assign their claims to the bank, and were not parties to the agreement between the bank and the subcontractor. Therefore, the bank did not acquire a lien from the laborers and materialmen. The subcontractor, by an agreement with the bank, undertook to subrogate the

---

[1] Rehearing pending.

bank to a lien on the funds. However, there is nothing in the record to show that at the time of the making of the agreement there was anything due or to become due the subcontractor. He was, therefore, undertaking to create a lien on funds that did not belong to him, but belonged to the original contractor. The contractor was not a party to this agreement and his rights were not affected thereby. It may be conceded that the subcontractor had the right to deal with his own funds as he saw fit, but he could not so deal with the funds of the general contractor without his consent. Employers' Casualty Company v. Wolfe City (Tex. Com. App.) 25 S.W. (2d) 320; Hess & Skinner v. Turney (Tex. Civ. App.) 207 S. W. 171; Id., 110 Tex. 148, 216 S. W. 621. Therefore, the bank acquired no lien on the funds by virtue of the agreement between it and the subcontractor.

[5, 6] The appellant further insists that there was no evidence tending to show that the original contractor was due anything from the state under the contract in question at the time the notice was served on the highway commissioners. The only evidence in the record whatever tending to show that the highway department was in any wise indebted to the original contractor, at the time the notice was served, is found in the release bond executed by the contractor and his surety for the release of the funds due the contractor. This bond recites: "Whereas, pursuant to said law the Highway Department of the State of Texas, is withholding from said B. F. Brooks Construction Company the sum of Two Thousand One Hundred Twenty Two and 65/100 ($2,122.65) Dollars, owing by the said Highway Department of the State of Texas, to the said B. F. Brooks Construction Company. * * *" This provision in the bond signed by the contractor is an admission that the contractor was due the amount of money therein stipulated by the highway department on some account, but there is nothing in the bond to identify the contract under which such funds were due. The bank claimed a lien on account of money advanced to pay for labor and material used in the construction of Highway No. 32, Job 145–B in Leon County. Brooks Construction Company may have had other contracts with the highway department under which the above sum was due it. We do not think that the above provision in the release bond executed by the contractor to the highway department was sufficient in itself to establish that the highway department was indebted to the contractor in any sum on the particular contract involved in this suit.

The judgment of the trial court that the bank take nothing against the defendants Gray Lanier and T. P. Sherman, and in favor of the bank against H. G. Lanier for its debt, is affirmed; and the judgment in favor of the bank against B. F. Brooks Construction Company and Southern Surety Company of New York is reversed, and judgment here rendered that the said bank recover nothing as against B. F. Brooks Construction Company and the Southern Surety Company of New York.

#### On Motion for Rehearing.

In our original opinion, we held that notwithstanding the fact that Lanier, the subcontractor, agreed with the bank that it should be subrogated to his rights in the funds due him under the contract, since there was no evidence showing that at the time of the making of such agreement there was anything due or to become due him under the contract, he could not obligate such funds to the payment of his debts. We also held that there was no evidence showing that at the time of the service of the notice on the highway commission that Brooks Construction Company was due anything on the particular contract under consideration.

The appellee in its motion for rehearing has called our attention to the fact that upon another trial it may be able to present evidence showing that the subcontractor had not collected the full amount due him under the contract at the time of the making of the agreement, and also that Brooks Construction Company at the time of the service of notice on the highway department was still due some funds under said contract. The motion is supported by affidavits properly explaining appellee's failure to develop this phase of the case on the former trial, and evidence has been furnished showing that it will probably be able to produce such testimony on another trial. Revised Statutes, article 1822. It now asks that the case be reversed and remanded in order that this phase of the case may be more fully developed.

Where, on appeal, it becomes necessary to reverse the judgment of the trial court and it appears that the case has not been fully developed, it is the duty of the appellate court to reverse and remand the case rather than render it in order that the ends of justice may be served. This procedure has often been followed in order to allow an amendment of the pleadings, show jurisdiction, or supply additional testimony. Associated Oil Co. v. Hart (Tex. Com. App.) 277 S. W. 1043, pars. 6 and 7; Combes v. Stringer, 106 Tex. 427, 167 S. W. 217, par. 3; Hanks v. Hamman (Tex. Com. App.) 289 S. W. 993, 994; Saner-Whiteman Lumber Co. v. Texas & N. O. Ry. Co. (Tex. Com. App.) 288 S. W. 127; 3 Tex. Jur. 1231. It may be that upon another trial of the case, the appellees will be able to more fully develop this phase of the case.

The judgment heretofore entered affirming the judgment of the trial court to the extent that the bank take nothing against the defendants Gray Lanier and T. P. Sherman, and

in favor of the bank against H. G. Lanier for its debt, will be allowed to stand; and the judgment in favor of the bank against B. F. Brooks Construction Company and Southern Surety Company of New York is reversed, and the cause is remanded for a new trial.