**NATIONAL SURETY CORPORATION, Appellant,**

v.

**Ernest DABNEY, Appellee.**

No. 3282.

Court of Civil Appeals of Texas.

Waco.

Sept. 15, 1955.

Naman, Howell & Boswell, Waco, for appellant.

Bradley & Geren, Groesbeck, for appellee.

TIREY, Justice.

Appellee brought this action against R. B. Potashnick, a public road contractor, on a debt for labor and material furnished to the contractor in the building of public highways, and joined as defendant, National Surety Corporation, to establish a lien and recover on the indemnity bond executed under the provisions of Arts. 5472a and 5472b–1, Vernon's Ann.Civ.Stats.

The cause was tried without the aid of a jury and at the close of the testimony the court dismissed the action against the road contractor on the ground that he had not been personally served, and entered judgment in behalf of appellee against the Surety Company for the full amount of the claim, to-wit, $492.53, and the additional sum of $250 attorney's fees, and the decree provided for interest at the rate of six per cent per annum, and for costs of court. The Surety Company seasonably excepted to the judgment and has perfected its appeal to this court.

The judgment is assailed on five points. They are substantially: (1) the court erred in entering judgment in behalf of appellee against the Surety Company, for the purchase price of the automobile parts and equipment set out in Exhibit A of plaintiff's pleading because such automobile parts and equipment constituted tools and equipment of the contractor used for the prosecution of the work and as such were not items which could be made the subject of a lien under the provisions of Chapter 17 of the General Laws of the State of Texas, enacted by the 39th Legislature; (2) the action being asserted against the Surety Company to establish a lien and obtain a judgment against defendant on an indemnity bond executed by the Surety Company under Arts. 5472a and 5472b–1, supra, the court erred in entering judgment for plaintiff against the Surety Company, because plaintiff failed to sustain the burden of proof to establish such lien which would entitle him to judgment because (a) there is no evidence of probative value that the labor, parts and equipment, claimed to have been furnished by plaintiff to the contractor, went into the construction of the highway or were consumed or completely depreciated in the performance of the construction work; and (b) there is no evidence of probative value that the labor, parts and equipment, claimed to have been furnished the contractor by plaintiff, were reasonably necessary for the prosecution and completion of the highway construction; (3) the court erred in sustaining the objection of plaintiff to questions propounded to plaintiff by defendant regarding the validity of charges made for items of labor, parts and equipment contained in the sworn account; (4) plaintiff failed to sustain the burden of proof incumbent upon him to establish that a contract existed between the contractor and the State of Texas, or its political subdivisions, for the construction of public improvements, upon which plaintiff furnished labor, parts and equipment for the prosecution of same; (5) plaintiff, not being entitled to recover the full amount which he sought to establish as a lien under the terms of Chap. 17, General Laws of the State of Texas, 39 Leg., he was not entitled to attorney's fees under the terms of Art. 5472b–1.

Appellee's first and only counter point in reply to appellant's points is: "Where defendant bonding company, with full knowledge of the facts, executed bond as surety for road contractor who was nonresident of this state, under Articles 5472a and 5472b–1, knowing that nonresident had no property in this state, and made bond for the purpose of permitting the road contractor to withdraw money against which plaintiff had fixed a lien, as provided by law, and road contractor, after withdrawing the money, left the state with said money, justice dictates that the bonding company should be liable on said bond."

Appellee went to trial on his first amended original petition. Pertinent to this discussion appellee alleged that he was engaged in the garage business in Limestone County and while operating his garage he did certain repair work and furnished certain materials for trucks, automobiles and equipment to the road contractor who was engaged in building certain farm to market roads in Limestone and Hill counties, and that such contractor was indebted to him for labor and services rendered and for materials furnished at the contractor's request. He duly itemized his account and made the statutory affidavit thereto and attached it to his pleading as Exhibit A. He further alleged that the Surety Company had executed a release bond under the terms of Arts. 5472a and 5472b–1, and that in so doing it became obligated to pay his account. He further alleged that he was forced to employ attorneys to represent him, and alleged a reasonable fee to be the sum of $250, and he prayed that he have judgment against the contractor and the Surety Company for these amounts and costs of court and for foreclosure of his lien as provided in the foregoing statutes.

The appellant in its answer set up substantially that Potashnick was an individual and was a nonresident of the State of Texas, and the cause of action being an action in personam as distinguished from an action in rem, that Potashnick was not properly before the court since he is a resident of Missouri and only nonresidence

service had been obtained upon him outside of the State of Texas. The Surety Company further answered to the effect that the action is one to establish a debt and foreclose lien on the proceeds of a highway construction contract, such lien being asserted for labor and materials furnished Potashnick on the highway construction job; that plaintiff's petition sets out charges for certain labor furnished for the repair of automobiles and trucks in the sum of $163.50, and other charges for materials and parts furnished for automobiles and trucks in the sum of $326.03, and a reasonable attorney's fee in the sum of $250. National Surety Company averred that appellee is not entitled to a lien for parts or materials furnished as set out in its account and that payment of such charges is not indemnified by the bond executed by the Surety Company. It prayed that the court take no further cognizance of the suit.

At the close of the evidence the court overruled the Surety Company's motion for judgment and entered judgment in behalf of the appellee against the National Surety Company for the sum of $492.53, being the amount of the account sued for and $250 attorney's fees, with interest at 6 per cent per annum on the entire amount from the date of the judgment and costs. In the judgment we find this recital: "It appearing to the court that R. B. Potashnick is a nonresident of the State of Texas and resides in the State of Missouri and was served with nonresident notice in the State of Missouri, that service is not valid as to him, the said R. B. Potashnick, and he is hereby dismissed from this cause, and plaintiff shall take nothing as against R. B. Potashnick." The Surety Company excepted to the judgment entered and perfected its appeal to this court.

Going back to points 1, 2 and 3 urged by the appellant, we believe that the cause will have to be reversed and remanded under these three points for reasons hereinafter briefly noted. While plaintiff was on the stand, the following proceedings were had:

"Q. Mr. Dabney, you said here that you rendered these services and furnished this material to R. B. Potashnick, I want to ask you if it isn't a fact that you made repairs on these trucks and put some parts in these trucks for a man named Doyle Thomas? Isn't that true? A. Yes, sir.

"Q. And as a matter of fact on this sworn account here that you filed you list a check that was given to you in the sum of $150.00 and later returned, now, I presume that was returned unpaid or dishonored by the bank, is that correct? A. That's right, I sent it in about a dozen times.

"Q. Who signed that check, Mr. Dabney? Doyle Thomas signed it didn't he? A. Yes, sir.

"By Mr. Bradley: If Your Honor, please, I don't know what the purpose of the question counsel is asking the witness but if he is undertaking to impeach the items in the account or show that they are not proper items we want to object because this is a suit on a sworn account and there has been no denial under oath as to any item as required by Statute and rules of court, if that is the purpose of the question I am going to object at this time to any further, to any question about that and have the question and answer stricken if that is the purpose of it.

"By Mr. White: Your Honor, that is not the purpose of the question, however, I would like to state here as to defendant, R. B. Potashnick, I think Counsel is correct. In his statement as to this defendant, this is a statutory action on the bond and plaintiffs are put to their proof under the bond to establish a lien and we don't think that the defendant, National Surety Company, is under any obligation whatsoever to deny this account under oath because the plaintiffs are still put to their proof to prove up the necessary elements of their cause of action under the Statutes.

"By The Court: Do you want to make any further statement, Mr. Bradley?

"By Mr. Bradley: No, of course, in answer to that our position is this, under this bond, why, they—the bonding company, Surety Company, obligates itself to pay the claim. Now, I don't know how you establish the claim one way against one defendant and another way against another.

"By The Court: Mr. White, do you want to present some authorities on your proposition at this time or do you want it to go as that?

"By Mr. White: No, Your Honor, I don't want to make any further statement.

"By The Court: All right. Sustain your objection."

We think the trial court erred under the rule heretofore set out and that it is such error that it requires that the cause be reversed and remanded for a new trial. Duree v. Aetna Ins. Co., Tex.Civ.App., 66 S.W.2d 764, 765, (no writ history) is a case in point on the matter here under consideration. The issue before the court in the Duree case is very similar to the issue here in that plaintiff sought to recover on a bond against a third party for default of a salesman and the account of the salesman was duly itemized and verified and the account was attached and made a part of the plaintiff's pleadings. Plaintiff, in seeking to make his proof, tendered in evidence, over proper objections, a verified account showing the amount of the balance due it and rested. That is substantially the exact situation here. The appellant offered but was refused the right to disprove certain items therein contained and this was done because no written denial was made under oath as provided by Art. 3736, Vernon's Ann.Civ.Stats., 1925. In discussing this matter the court said: "Suit was not against appellant upon this account. His obligation to pay arose from the bond sued upon,

breach of which was provable by evidence that certain moneys had been collected for appellee and not paid to it by Parks. Appellant was a stranger to the transactions between appellee and Parks, to which the said account relates. As aptly stated by the Supreme Court in discussing the above statute: 'The law does not permit, much less encourage, guesswork in swearing.' McCamant v. Batsell, 59 Tex. 363. The appellant could not be expected to have personal knowledge of transactions occurring between appellee and Parks. This is one of the reasons that the verified answer mentioned in article 3736 is not required. The account, though verified, is hearsay as to appellant, and, in the absence of a permissive statute, is inadmissible." Citing Coleman v. Anheuser-Busch Brewing Ass'n, Tex.Civ.App., 39 S.W. 1088 (no writ history). (As we understand the record, appellee relies here on the verified account which was introduced in evidence over objection of the Bonding Company as being sufficient to establish the claim against the Bonding Company. It is true that this verified account was not contested by the defendant who incurred the obligation and under those circumstances it would be admissible against him; however, under the foregoing decisions, we do not think it is admissible as against the Bonding Company. Therefore the evidence tendered is insufficient to sustain judgment of appellee). We have searched the Digest and have found no other cases on this particular point, but we have no doubt that the authority here cited is the settled rule in Texas.

In appellant's brief we find this statement: "The mere fact that plaintiff cast his action against the contractor as an open account and verified it when his claim against this defendant was not on an open account within the rule authorizing the filing of sworn accounts does not place upon the defendant, National Surety Corporation, the burden of filing a sworn denial to said account * * *." See Rule 185, Texas Rules of Civil Procedure; Harvey v. Crockett Drilling Co., Tex.Civ.App., 242 S.W.2d 952 (no writ history); Stufflebeme v. Jack, Tex.Civ.App., 253 S.W.2d 459; McCamant v. Batsell, 59 Tex. 363; Duree v. Aetna Ins. Co., supra. See also 1 Tex.Jur. 337, 338, 350, 351.

■ In view of the fact that the cause will have to be retried, we suggest that the court adhere to the rule that in order to recover on a bond as in the present case, it is necessary for the evidence to show that the labor and materials furnished to the contractor engaged in public works were used on the job against the proceeds of which the lien is sought to be established, and that same was consumed or wholly depreciated in the process of the construction work. See: U. S. Fidelity & Guaranty Co. v. Henderson County, Tex.Civ.App., 253 S.W. 835; Id., Tex.Com.App., 276 S.W. 203; Hess & Skinner Engineering Co. v. Turney, 110 Tex. 148, 216 S.W. 621; Id., Tex.Civ.App., 207 S.W. 171; Employers' Casualty Co. v. Rockwall County, 120 Tex. 441, 35 S.W.2d 690, modifying, Tex.Civ. App., 300 S.W. 148 and judgment reformed 120 Tex. 441, 38 S.W.2d 1098; McClung Construction Co. v. Taylor, Tex.Civ.App., 297 S.W. 503, 505 (er. dis.); Southern Surety Co. v. Guaranty State Bank, Tex. Civ.App., 275 S.W. 436 (er. dis.); Southern Surety Co. v. W. E. Callahan Construction Co., Tex.Civ.App., 283 S.W. 1098, reversed on other grounds, B. F. & C. M. Davis Co. v. W. E. Callahan Construction Co., Tex.Com.App., 298 S.W. 273; U. S. Fidelity & Guaranty Co. v. Texas Powder Co., Tex.Civ.App., 88 S.W.2d 532 (er. ref.); Powell v. Republic Portland Cement Co., Tex.Civ.App., 91 S.W.2d 467 (er. dis.); Thurber Construction Co. v. Kemplin, Tex. Civ.App., 81 S.W.2d 103, 104; Houston Fire & Casualty Co. v. Col-Tex. Refining Co., Tex.Civ.App., 231 S.W.2d 468 (no writ history).

We believe that the ends of justice require that this cause be reversed and remanded. Accordingly, the cause is reversed and remanded.