**266**

W. O. PELPHREY, Pelphrey-Farquhar, Inc.
and Seaboard Surety Company,
Appellants,

v.

Odis WALKER, d/b/a Walker Tire Company,
Appellee.

No. 10649.

Court of Civil Appeals of Texas.

Austin.

April 1, 1959.

Rehearing Denied April 22, 1959.

Ritchie, Ritchie & Crosland, Dallas, for appellants.

Morgan L. Pearce, Jack Garey, Austin, for appellee.

ARCHER, Chief Justice.

Appellants were the prime contractors for the construction of certain highway improvements in Bell County, Texas. On January 7, 1957, appellants sublet the hauling of certain materials to Benner, who began hauling about the 1st of March, 1957.

Appellee Walker, on or about February 10, 1957, inspected the tires on Benner's trucks and estimated the value of the tires to be $2,671.15, and at that time Benner owed Walker $2,193.45. On February 11, 1957, Walker sold Benner four tires and tubes for a net of $385.48 after allowing a trade-in on old tires.

On February 22, 1957, Walker recapped 23 tires for Benner, repaired 16 tires and sold him 4 lock rings for a total charge of $921.37, and after this sale Benner's indebtedness to Walker was $3,500.30 as evidenced by a ledger sheet and the invoices.

On August 21, 1957, Walker wrote a letter to the Highway Department asserting a claim against money due or to become due Pelphrey from the Bell County project for tires and tubes sold Benner valued at $3,500.30, at which time the Highway Department had on hand moneys due Pelphrey of more than sufficient to pay Walker's claim.

On September 3, 1957, Pelphrey et al. with Seaboard Surety Company as surety filed a payment bond and withdrew the money against which Walker had filed his claim.

On March 13, 1958, Walker filed suit against Benner for a balance of $3,500.30 due for the tires, etc., during the period of November 1955 through February 22, 1957, and against Pelphrey et al. seeking to establish a lien against moneys due Pelphrey by the State of Texas pursuant to Article 5472a, Vernon's Ann.Civ.St., and for attorneys' fees and costs.

Upon a trial of the case before the court a judgment was rendered against Benner for $4,240.30, and against Pelphrey et al. for $1,633.56, a portion of the judgment against Benner, to wit: $1,306.85, plus $326.71 attorneys' fees. Pelphrey et al. excepted to the judgment against them, and Walker excepted to that part of the judgment which denied him full recovery of his judgment against Pelphrey.

The appeal of Pelphrey et al. is predicated on three points and are that the court erred in awarding plaintiff a judgment against Pelphrey et al. for any part of Walker's claim for the price of tires, tubes and tire repairs sold to Benner because such articles do not constitute "material, apparatus, fixtures, machinery or labor" within the terms of Article 5472a, and because it affirmatively appears that the tires, etc., sold to Benner were not consumed or wholly depreciated on the job, and that plaintiff having failed to recover judgment against Pelphrey et al. for the full amount of his claim, it was error to award any attorneys' fees.

Article 5472a, V.A.C.S., provides as follows:

"That any person, firm or corporation, or trust estate, furnishing any material, apparatus, fixtures, machinery or labor to any contractor for any public improvements in this State, shall have a lien on the moneys, or bonds, or warrants, due or to become due to such contractors for such improvements; provided, such person, firm, corporation, or stock association, shall, before any payment is made to such contractor, notify in writing the officials of the State, county, town or municipality whose duty it is to pay such contractor of his claim. Acts 1925, 39th Leg., Ch. 17, p. 44, § 1."

The Court of Civil Appeals in Employers' Casualty Co. v. Rockwall County, Tex.Civ. App., 300 S.W. 148, affirmed the judgment of the Trial Court in allowing a recovery for oil and gasoline, labor in the form of repair work, parts to include bulbs, timers and various automobile parts, tires, which included new automobile casings and tubes, as well as vulcanizing work on old ones, used on automobiles and trucks.

The Supreme Court in Employers' Casualty Co. v. Rockwall County, 120 Tex. 441, 35 S.W.2d 690, 692, 38 S.W.2d 1098, involving liability of a surety bond which had been executed to cover all persons who may perform labor or furnish materials, etc., "or in any manner incident to the performance thereof," one of the claimants under the bond was Snow Motor Company, which sought to recover for automobile parts, tires and accessories used on the contractor's equipment, the Court, citing many cases, held:

"The surety company challenges the correctness of the action of the trial court in peremptorily instructing the jury to return a verdict against it in favor of the Snow Motor Company for the full amount of its account on the ground that none of the items constituting said account were for labor and material furnished the contractors within the purview of the bond.

"This contention must be sustained in part, as items aggregating $491.40 were for automobile parts, tires, and accessories used on equipment belonging to the contractors. None of such articles

constitutes materials furnished within the terms of the bond (Hess & Skinner v. Turney, cited supra); it being the duty of the contractors to provide their own equipment."

The Rockwall County case appears to be the only Texas case involving an effort to secure recovery under a contractor's bond for the price of tires furnished, and we believe is decisive of this case.

Mr. Pelphrey testified that he had paid Benner everything that he owed him under the contract and advanced Benner money for his payrolls and for licenses.

In view of the holding by our Supreme Court in the Rockwall County case above cited we do not believe that the plaintiff can recover against appellants, Pelphrey et al.

The judgment of the Trial Court is reversed insofar as judgment was granted against Pelphrey et al., and judgment here rendered for said appellants; the judgment is affirmed as to Benner.

Reversed in part and affirmed in part.

HUGHES, Justice (concurring).

I agree that the opinion of the Supreme Court in Rockwall, cited by the Court, is decisive of this case. That opinion holds that automobile tires sold to a contractor and used on equipment belonging to him were not material furnished the contractor within the meaning of the bond involved in that case. The only reason given by the Court for such holding was that the contractor was obliged to furnish his own equipment. Yet the Court in the same case allowed recovery for gasoline and oil used in cars and trucks used by the contractor on the job.

Just why the obligation of the contractor to furnish his own equipment would defeat the claim for tires for trucks and not defeat the claim for gasoline used in the trucks is not clear to me.

The reason given by the Supreme Court for its holding is not convincing. The fact that the contractor was required to furnish his own equipment seems to me to be beside the point. The contractor is required to furnish everything which his contract obligates him to furnish. Usually this is all the labor and materials required for the job yet those who furnish the labor and materials to the contractor are certainly within the protection of the statute and the bond given under it.

Appellee has cited several cases which appear to conflict with Rockwall in principle; however, none of these cases involve tires.

After noting that the Court in Rockwall had allowed recovery for gasoline and repairs appellee states "The only logical conclusion to draw from this is that the claimant for the automobile parts, tires and accessories failed to sustain his burden of showing that the articles were 'furnished for and consumed' in the work." This, however, is not the reason given by the Supreme Court.

The Court of Civil Appeals, 300 S.W. 148, loc. cit. 157, said that the tires were furnished in the "performance of said contract, and was incident to the performance of said contract, for the building of said road."

Whether this is the equivalent of finding that the tires were substantially consumed on the job, I do not know. Certainly it is not a contrary finding.

I understand that the bond here is a statutory bond and the bond in Rockwall was a common-law bond. By comparing the terms of the bonds it seems to me that the bond in Rockwall is more comprehensive than the one here, this because of the language or "in any manner incident to the performance" of the contract. See discussion of this provision by the Court of Civil Appeals, 300 S.W. at page 156.

Assuming that in Rockwall the tires were consumed or substantially consumed in the performance of the contract then, it seems to me, the holding that they were not covered by the bond in that case is clearly wrong. However this Court must follow the specific holding there made regardless of our views about its validity.